UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-------------------------------------------------------------------X

THELMA C. LEGARE,

                Plaintiff,

     -against-

COMMISSIONER OF SOCIAL SECURITY,

                Defendant.

-------------------------------------------------------------------X

**MEMORANDUM & ORDER**

**08-CV-2180 (NGG) (JMA)**

NICHOLAS G. GARAUFIS, United States District Judge.

    Plaintiff Thelma C. Legare ("Legare") brings this action under 42 U.S.C. §§ 405(g) and 1383(c)(3). (Compl. (Docket Entry # 1).) Legare seeks judicial review of the Social Security Administration's ("SSA's") denial of her claim for Supplemental Security Income ("SSI"). (Id.) The Commissioner moves for a judgment on the pleadings under Federal Rule of Civil Procedure 12(c). (Def.'s Mot. (Docket Entry # 30).) Legare cross-moves for a judgment on the pleadings under Federal Rule of Civil Procedure 12(c) and seeks to reverse the Commissioner's determination that she was not entitled to SSI. (Pl.'s Mot. (Docket Entry # 28).) As set forth below, the court denies both motions and remands proceedings to the Commissioner.

**I.    STANDARD OF REVIEW**

    **A.    Rule 12(c)**

    Federal Rule of Civil Procedure 12(c) provides that "[a]fter the pleadings are closed – but early enough not to delay trial – a party may move for judgment on the pleadings." The standard of review under a Rule 12(c) motion is the same standard applied under a Rule 12(b)(6) motion. Bank of N.Y. v. First Millennium, Inc., 607 F.3d 905, 922 (2d Cir. 2010). To survive a Rule 12(b)(6) motion, the complaint must contain "sufficient factual matter . . . to state a claim to relief that is plausible on its face." Ashcroft v. Iqbal, 129 S. Ct. 1937, 1949 (2009). A court is

1

required "to accept as true all allegations in the complaint and draw all reasonable inferences in favor of the non-moving party." Vietnam Ass'n for Victims of Agent Orange v. Dow Chem. Co., 517 F.3d 104, 115 (2d Cir. 2008). In addition to considering the pleadings, the court may consider "statements or documents incorporated by reference in the pleadings . . . and documents possessed by or known to the plaintiff and upon which it relied in bringing the suit." ATSI Commc'ns, Inc. v. Schaar Fund, Ltd., 493 F.3d 87, 98 (2d Cir. 2007).

## B. Administrative Review

"A district court may set aside the Commissioner's determination that a claimant is not disabled only if the factual findings are not supported by 'substantial evidence' or if the decision is based on legal error." Shaw v. Chater, 221 F.3d 126, 131 (2d Cir. 2000) (quoting 42 U.S.C. § 405(g)). "Substantial evidence means more than a mere scintilla. It means such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." Moran v. Astrue, 569 F.3d 108, 112 (2d Cir. 2009). "[I]t is up to the agency, and not [the] court, to weigh the conflicting evidence in the record." Clark v. Comm'r of Soc. Sec., 143 F.3d 115, 118 (2d Cir. 1998). "Legal error" consists of incorrect determinations on points of statutory or regulatory law made by the Commissioner. Townley v. Heckler, 748 F.2d 109, 112 (2d Cir. 1984). In assessing a legal determination made by the Commissioner, "[the] court cannot fulfill its statutory and constitutional duty to review the decision of the administrative agency by simply deferring to the factual findings of the ALJ. Failure to apply the correct legal standards is grounds for reversal." Id.

## II. BACKGROUND

Legare was born on February 27, 1953. (Administrative Transcript ("Tr.") (Docket Entry # 7) at 43.) On January 24, 2006, Legare filed an application for SSI based on an alleged

disability with an onset date of June 24, 2004. (Id. at 18.) The SSA denied Legare's application, and she requested a hearing before an administrative law judge ("ALJ"). (Id. at 29-32.) On May 29, 2007, ALJ David Z. Nisnewitz held a hearing regarding Legare's claim. (Id. at 340-70.) On December 21, 2007, the ALJ issued an unfavorable decision, and Legare sought review before the SSA Appeals Council. (Id. at 3-5.) The Appeals Council denied her request for review on April 18, 2008. (Id.) By operation of 42 U.S.C. § 405(g), this became the final judgment of the Commissioner. Legare timely filed her Complaint on May 28, 2008. See 42 U.S.C. § 405(g).

## III. DISCUSSION

### A. Standard of Review for Determining Disability

To be eligible for SSI, a claimant must meet the income requirements set forth in 42 U.S.C. § 1382. See also 20 C.F.R. § 416.1100; Fusco v. Sullivan, 92 Civ. No. 2445 (TPG), 1992 WL 331269, at *1 (S.D.N.Y. Nov. 4, 1992) (citing Ruppert v. Bowen, 871 F.2d 1172, 1174 (2d Cir. 1989)). To determine whether an eligible claimant is entitled to SSI, an ALJ utilizes a five-step analysis, as set forth in 20 C.F.R. § 404.1520(a)(4). The Second Circuit, in Dixon v. Shalala, described this five-step analysis:

> The first step in the sequential process is a decision whether the claimant is engaged in "substantial gainful activity." If so, benefits are denied.
>
> If not, the second step is a decision whether the claimant's medical condition or impairment is "severe." If not, benefits are denied.
>
> If the impairment is "severe," the third step is a decision whether the claimant's impairments meet or equal the "Listing of Impairments" . . . of the social security regulations. These are impairments acknowledged by the Secretary to be of sufficient severity to preclude gainful employment. If a claimant's condition meets or equals the "listed" impairments, he or she is conclusively presumed to be disabled and entitled to benefits.
>
> If the claimant's impairments do not satisfy the "Listing of Impairments," the fourth step is assessment of the individual's "residual functional capacity," i.e., his capacity to engage in basic work activities, and a decision whether the

claimant's residual functional capacity permits him to engage in his prior work. If the residual functional capacity is consistent with prior employment, benefits are denied.

If not, the fifth and final step is a decision whether a claimant, in light of his residual functional capacity, age, education, and work experience, has the capacity to perform "alternative occupations available in the national economy." If not, benefits are awarded.

54 F.3d 1019, 1022 (2d Cir. 1995).

## B.    The ALJ's Decision

Under step one of the analysis, the ALJ found that Legare did not engage in substantial gainful activity during the alleged disability period. (Tr. at 13.) Under step two, with only a single sentence of analysis, the ALJ determined that Legare suffered from the severe impairments of intervertebral disc disorders and an injured left shoulder. (Id.) Under step three – without any analysis whatsoever – the ALJ determined that Legare's impairments did not meet or exceed the Listing of Impairments. (Id.) Under step four, the ALJ declared that "the claimant does not meet the non-eligibility requirements for [SSI] benefits purposes," (id. at 14) – despite the fact that income eligibility for SSI has nothing to do with step four, the residual functional capacity assessment, and that the income requirement is a *pre-requisite* to disability determinations.[1] See Fusco,1992 WL 331269, at *1; see also 20 C.F.R. § 416.1100. Also under step four, the ALJ discounted the credibility of Legare's testimony, even though the ALJ's decision only discussed the substance of Legare's testimony in two sentences. (Id. at 14) ("The claimant further testified that she suffers from back and neck pain, as well as high blood pressure. However, she admitted that she is able to cook, shop and perform household chores

---

[1] It is also entirely unclear what the ALJ meant by this statement; whether Legare failed to meet SSI's income eligibility requirements, or failed a test of "non-eligibility" for SSI. The Commissioner takes the ALJ's statement to mean that Legare "would not satisfy the income and resources criteria" for SSI, (Def.'s Mot. at 15), but this is entirely unclear from the ALJ's opaque and nonspecific phrasing.

without difficulty."). From this, the ALJ determined that Legare possessed residual functional capacity sufficient to return to her previous work as a dental assistant. (Id. at 17.)

The ALJ's determination of Legare's income eligibility and his analysis under steps two, three, and four were so deficient and so incoherent as to prevent meaningful review of his decision. In such circumstances, it is appropriate for the court to remand the case to the Commissioner for new proceedings. See Meadors v. Astrue, 370 Fed. App'x 179, 183-86 (2d Cir. 2010). On remand, the court directs the Commissioner to assign Legare's case to a different ALJ. Further, because the ALJ's decision was so palpably deficient beginning at step two of the analysis, the court directs the Commissioner to engage in new proceedings to further develop the record. See Butts v. Barnhart, 388 F.3d 377, 385-87 (2d Cir. 2004).

## IV.    CONCLUSION

For the reasons discussed above, Defendant's Motion for Judgment on the Pleadings is DENIED. Plaintiff's Motion for Judgment on the Pleadings is also DENIED. The court remands proceedings to the Commissioner for proceedings consistent with this opinion.

SO ORDERED.                                    s/Nicholas G. Garaufis

Dated: Brooklyn, New York                      NICHOLAS G. GARAUFIS
       December 22, 2010                       United States District Judge